[No. 22562. Department One. August 28, 1930.]

J. D. LLOYD, *Respondent*, v. CHARLES H. MOWERY *et al., Appellants.*[1]

[1]Reported in 290 Pac. 710.

342

*Snively & Bounds,* for appellants.
*Grady & Velikanje,* for respondent.

BEALS, J.—Plaintiff J. D. Lloyd, defendant Charles H. Mowery and Amos Miller, residents of Yakima, were friends of long standing and had for some time made it their practice to devote a portion of each year to a hunting trip. November 19, 1928, the three friends started for Tule Lake, Oregon, to hunt wild geese, riding in an automobile owned and driven by defendant Mowery, the three jointly contributing to the expenses of the trip, defendant Mowery driving, Mr. Miller riding with him in the front seat, and plaintiff Lloyd occupying the back seat, the camping equipment being also in the rear portion of the machine.

At about ten-thirty o'clock on the morning of the second day of the trip, the parties being then in the state of Oregon, while the machine was traveling at from forty to forty-five miles an hour, the left rear tire went flat, causing the car to sway somewhat first in one direction and then in the other, and rendering steering

difficult. Mr. Mowery, realizing what had happened, went into compression and, after running a distance of approximately one hundred feet or a little less, turned the steering wheel to his right and applied the brakes, with the result that the car turned completely around and tipped over, severely injuring plaintiff, who, as a result of the accident, suffered the amputation of his right hand.

Thereafter, plaintiff instituted this action for the purpose of recovering damages for his injury, claiming that the car turned over as the result of the negligent operation thereof by Mr. Mowery. The case was tried to a jury, and from a judgment entered upon a verdict in favor of plaintiff, defendants appeal.

Error is assigned upon a ruling of the court upon a motion made by appellants against respondent's complaint, and upon the overruling of a demurrer thereto; upon the refusal of the court to instruct the jury to return a verdict in favor of defendant Rosie M. Mowery; upon the order of the court denying appellants' motion for judgment in their favor notwithstanding the verdict or, in the alternative, for a new trial; and upon the entry of judgment in favor of respondent, appellants contending that the verdict and judgment are contrary to the law and the evidence.

■ Under the rule laid down by this court in the case of *O'Brien v. Woldson*, 149 Wash. 192, 270 Pac. 304, 62 A. L. R. 436, the parties to this action were engaged upon a joint venture, and defendant Charles H. Mowery, in driving his automobile, owed to the other members of the party the duty to exercise reasonable and ordinary care for their safety, as distinguished from the duty to exercise no more than slight care, which, under the decisions of this court, rests upon a host operating a machine in which a person is riding as his guest.

344

■ It seems to be admitted that the automobile was proceeding at a rate of speed between forty and forty-five miles per hour, which speed was in excess of that allowed by the laws of the state of Oregon, which fixes the maximum speed at which cars shall travel along such highways as that upon which the parties hereto were driving at thirty-five miles an hour. Appellants contend that, as the machine was being driven at a rate of speed greater than that allowed by the laws of Oregon, and as respondent testified that he knew how fast the car was going and made no objection to the speed, it must be held, as matter of law, that, as appellant driver was no wise responsible for the blow-out of the tire, but was responsible for the speed of the car, and as there is no evidence that, if these two factors had not united as they did, any accident would have occurred, no actionable negligence can be charged to appellant Charles H. Mowery.

The car in which the parties were riding had very large wheels, the tires being of the variety known as "balloon," and of next to the largest size. Testimony was introduced to the effect that, upon one of the tires becoming flat, the car would drop a trifle on that side, the tire would expand, covering more of the surface of the road, and would have a tendency to pull the front of the car over toward the side upon which the flat tire was located. In the accident now under consideration, this would have had a tendency to pull the car over to the left, and would have rendered the steering of the car a matter of some difficulty.

Testimony was introduced to the effect that the brakes were somewhat defective, and that a brake on one side of the car would take hold quicker, or with greater power, than that on the other side, although it does not appear which brake it was that responded in this manner to an application of the brake lever. It

seems to be admitted that, at the time the tire became flat, the car was traveling somewhat to the left of the center of the road, which was bordered on that side by a ditch. Mr. Mowery testified that, after the tire blew out, he tried to keep the car in the roadway and that what he did was more or less "automatic;" that, in the exercise of his best judgment, he "worked the wheel" to keep the car in the road, applied the brakes and threw out the clutch, and, finally, attempted to turn the car toward the right, fearing that it would go into the ditch on the left.

The brakes on appellants' car were of the mechanical hydraulic variety, and expert testimony was introduced to the effect that, with such brakes, it would be impossible to lock the wheels, which were of the steel disc type, the tire being held to the wheel by a locking rim. Upon a tire attached to such a wheel going flat, the locking rim comes loose, which releases the tire, and, in fact, in this instance the tire did, before the car turned over, leave the rim, which, as the car turned, cut a considerable gash in the surface of the road.

Appellants contend that, when the tire went flat and the car became difficult to steer, the driver was confronted with a sudden emergency in which he used his best judgment, and that, under these circumstances, he cannot in law be held liable in damages to respondent, even though what he did under the excitement of the moment was not, in the light of after events, the wisest action which he could have taken.

Mr. Miller and respondent both testified that Mr. Mowery became excited after the blow-out and lost his head. Mr. Mowery himself testified that, while he had driven a car since 1911, he had never had a rear tire blow out while driving the car he was driving at the time of the accident, and while proceeding as rapidly as he was at that time. He also testified that, after

the blow out, he feared that the car might go into the ditch head on. At the time of the accident, there was no other traffic on the road, and it is not contended that the driver was negligent in driving, as he said, along the middle of the roadway, or, as others testified, a little to the left of the center line. Testimony was introduced to the effect that the ditch on the driver's lefthand side of the road was merely a trench several feet wide and not over two feet deep, the sides being sloping. There was also testimony that the blow-out which caused the tire to go flat was not a sudden explosion, but was a more or less gradual deflation of the tire, accompanied by the usual hissing sound, which gave warning of the accident before the tire became entirely flat. Testimony introduced on behalf of respondent tended to prove that, after running on compression from ninety to one hundred feet, and when the speed of the car had been reduced to from twenty-five to thirty miles per hour, the driver turned the steering wheel abruptly to his right and suddenly applied the brakes, with the result that the car turned completely around and turned over twice. Respondent and Mr. Miller both testified that, at the angle at which the car was traveling at the time of the deflation of the tire, the machine would have traveled a considerable distance before it would have come dangerously near the ditch, and that there was no emergency which required the driver to attempt to turn the car abruptly towards his right, or to apply the brakes with sudden force.

Appellants cite the case of *Lindsey v. Elkins*, 154 Wash. 588, 283 Pac. 447, in which the law in regard to the responsibility of a driver in case of a sudden emergency was discussed. In the case cited, the judgment entered upon the verdict of the jury was affirmed, and we do not find that the case is authority for the

proposition that the case at bar should have been decided in appellants' favor as matter of law.

Appellants also rely upon the case of *Klein v. Beeten,* 169 Wis. 385, 172 N. W. 736, in which case the supreme court of Wisconsin affirmed a judgment of the trial court entered upon the verdict of the jury, which the court directed in favor of the defendants, in an action for the death of a minor child, which resulted from the overturning of an automobile driven by one of the defendants. The evidence showed that the car suddenly veered to the left, went into a gutter and overturned. The driver was unable to give any explanation of the cause of the accident, but immediately thereafter it was discovered that the left front tire was deflated by reason of a blow-out of the inner tube. The court says:

"So we have here evidence showing simply an accident. Granting that the accident might have been the result of negligent operation of the car, the evidence certainly discloses a possibility that the accident might have been the result of the blow-out."

The court held that the doctrine of *res ipsa loquitur* did not apply, and that the jury could have done no more than guess as to whether the accident was the result of careless and negligent operation of the car, or of the blow-out, and that the plaintiff had failed to affirmatively prove negligence. In the case at bar, a different situation is presented. Testimony was introduced from which the jury might have believed that no sudden emergency was presented such as would bring into operation the rule of law governing liability for the acts of a driver under such circumstances, concerning which the jury was properly instructed, and from which evidence the jury might also have concluded that the acts of the appellant driver in turning his car to the right and applying the brakes as he did constituted actionable negligence sufficient to render appellants

liable to respondent. The more or less sudden deflation of the tire and the overturning of the car were not so closely connected in point of time as to require a holding, as matter of law, that the driver had no opportunity to exercise judgment as to what method to follow in stopping the car.

Appellants also rely upon the case of *Pinckard v. Pease,* 115 Wash. 282, 197 Pac. 49, in which this court reversed a judgment of the trial court entered in favor of the plaintiff in an action for damages tried to the court without a jury. The plaintiff, a doctor, was being driven by defendant's son toward defendant's home, where a member of the family lay critically ill, the services of a physician being urgently needed. It was snowing, the car was without chains, and driving was dangerous. The driver of the car drove from thirty to thirty-five miles an hour, and failed to check the speed of his car sufficiently in attempting to negotiate a curve in the road. The car skidded, went through a guard rail at the side of the road, and injured the doctor, who sued for damages. This court held that the accident was the result of a mistake of judgment, and that the evidence disclosed no actionable negligence on the part of the driver. In the course of the opinion, it is stated:

"Negligence is not a positive thing; it is to be found according to the circumstances of each case, and must be determined in view of all the facts and conditions attendant at the time and place of the accident. Common sense is a better yardstick by which to measure the facts to determine the reasonableness of conduct in a given situation than any generalization laid down in the text books or decisions." (Citing authorities.)

As to the speed of the car and respondent's acquiescence therein, we are unable to find that this circumstance, under the facts here presented, absolves appellants from responsibility.

In the case at bar, we have the verdict of a jury found upon disputed facts in favor of respondent. We conclude that it cannot be held from the evidence as matter of law that appellants are not liable to respondent. It is true that, on the facts, reasonable minds might well differ on the question of appellants' liability to respondent, but we hold that the trial court properly submitted all such questions to the jury for their determination, and as to disputed questions of fact the verdict of the jury is conclusive.

The rulings of the trial court upon appellants' motion to make respondent's complaint more definite and certain, and upon appellants' demurrer, were correct and do not call for any discussion.

Appellants excepted to some of the instructions given by the court, and also excepted to the court's failure to give an instruction which they requested. We are satisfied that the instructions of the court correctly stated to the jury the law applicable to the state of facts upon which they were to pass, and that no reversible error was committed by the court, either in giving or refusing instructions.

Appellants also contend that the trial court erred in refusing to grant them a new trial upon the ground of misconduct of the jury. In support of this motion, appellants filed the affidavits of three jurors to the effect that, during the deliberations of the jury, and before the finding of the verdict, the jury discussed the question of liability insurance which appellants may have had which would protect them against the payment of damages to respondent. Counter affidavits were filed on behalf of respondent, all of which were considered by the trial court in passing upon appellants' motion for a new trial. The affidavits were in conflict, and we agree with the trial court that the verdict of the jury was not successfully impeached. We

conclude that the trial court did not err in overruling appellants' motion.

Appellants earnestly contend that the action should have been dismissed as to appellant Rosie M. Mowery, and that, even though appellant Charles H. Mowery be held liable, such liability should be limited to a separate judgment against Mr. Mowery, and that the community composed of appellants as husband and wife cannot be held liable upon the record in this proceeding. It appears that the automobile which appellant Charles H. Mowery was driving was the community property of himself and his wife, and that, at the time of the accident, he was using the car, as he often did, for the purpose of obtaining rest and healthful recreation on a hunting trip. This purpose was no wise opposed or contrary to the general welfare of the community, but was a perfectly legitimate use to which a family car could well be put. No authority is cited by appellants in support of their contention that the community composed of appellants should, as matter of law, be freed from liability to respondent, and we conclude no error was committed by the trial court in entering judgment against the marital community composed of appellants.

Finding no error in the record, the judgment appealed from is affirmed.

MITCHELL, C. J., PARKER, TOLMAN, and MILLARD, JJ., concur.