MORGAN v. TOURANGEAU.

1. MOTOR VEHICLES—GUEST PASSENGER—GROSS NEGLIGENCE.

Guest of automobile owner was gratuitous passenger although she paid for gasoline used on trip, and, therefore, in order for guest to recover damages from owner for injuries received in collision with train it must appear that gross negligence or wilful and wanton misconduct of owner caused or contributed to injury (1 Comp. Laws 1929, § 4648).

2. SAME—SUDDEN DANGER—NEGLIGENCE.

Where automobile driver is confronted with sudden danger, and judgment must be formed instantly as to what shall be done to avoid it, it must be assumed that what driver decides on is in his judgment most advantageous to do to avoid danger, although afterward it may appear that some other course would have been safer.

3. SAME—GUEST PASSENGER—GROSS NEGLIGENCE.

Automobile driver whose car was struck by train, resulting in injury to guest passenger, was not guilty of gross negligence, where she believed she could cross in front of it, although her attention was called to approaching train when her automobile was 50 or 60 feet from crossing, and better judgment might have dictated that she attempt to stop before reaching crossing (1 Comp. Laws 1929, § 4648).

Appeal from Houghton; Stone (John G.), J. Submitted June 7, 1932. (Docket No. 28, Calendar No. 36,514.) Decided September 16, 1932.

Case by Bessie Morgan against Addie Tourangeau for personal injuries received while a guest passenger in defendant's automobile. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

On what constitutes gross negligence or the like, within statute limiting liability of owner or operator of automobile for injury to guest, see annotation in 74 A. L. R. 1198.

As to "emergency rule" as applied to automobile drivers, see annotation in 46 L. R. A. (N. S.) 708; 6 A. L. R. 680; 27 A. L. R. 1197; 79 A. L. R. 1277.

*Edward F. Le Gendre,* for plaintiff.

*Charles M. Humphrey* and *Charles M. Humphrey, Jr.,* for defendant.

Sharpe, J. Plaintiff seeks review by appeal from a judgment entered on a directed verdict for the defendant, based on the opening statement of plaintiff's counsel to the jury. The facts therein stated may be summarized as follows:

The parties lived in adjoining homes in the village of Laurium, and had been friends for many years. On September 26, 1930, the defendant invited the plaintiff to accompany her on a trip she intended taking to Green Bay, and the invitation was accepted. They left their homes that afternoon to make some purchases, and, on the suggestion of defendant that she should fill up her gas tank, plaintiff offered and was permitted to pay for the gasoline which was put therein. The next morning they left for Green Bay in defendant's car, which she was driving. Before leaving, they agreed that each should watch on her side of the car for railroad crossings. At Amasa they secured more gasoline, which was also paid for by the plaintiff. When a few miles beyond Amasa, they approached a railroad crossing. The plaintiff saw the track, looked and saw no train approaching from her side. She noticed that defendant was not slackening the speed at which she had been driving, 30 to 35 miles per hour, and, on looking to the left, she saw a train about 100 to 150 feet away approaching the crossing. The car in which they were riding was then from 50 to 60 feet from the crossing. She screamed to the defendant, "My God, there's a train," but defendant made no effort to stop the car, apparently trying to cross ahead of the train, and a collision

occurred, in which they were both quite seriously injured.

It seems clear that, under the facts as stated, the plaintiff was not entitled to recover. She was a gratuitous passenger, and under Act No. 19, Pub. Acts 1929 (1 Comp. Laws 1929, § 4648), it must appear that the ''gross negligence or wilful and wanton misconduct'' of the defendant caused or contributed to her injury.

It is plaintiff's claim that, as defendant's attention was called to the approaching train when her car was from 50 to 60 feet from the crossing, she could, by the exercise of ordinary care, have stopped her car and avoided the collision. But, as stated by counsel, the defendant apparently believed that she could cross ahead of the train.

Drivers of automobiles frequently find themselves in positions of apparent danger. A judgment must be instantly formed as to what they shall do in order to attempt to avoid it. They may not take time to deliberate as to which of two acts on their part may be most likely to insure safety. It must be assumed that what they decide upon is, in their judgment, the most advantageous to do to avoid the danger to which they and those with them are exposed. Better judgment might have dictated to defendant that she should have endeavored to stop her car before it reached the crossing, but her failure to so determine, and her act in proceeding in the belief that it was the best thing to do under the circumstances, cannot be said to be an act of gross negligence or wilful and wanton misconduct on her part. See *Naudzius* v. *Lahr,* 253 Mich. 216 (74 A. L. R. 1189, 30 N. C. C. A. 179); *Oxenger* v. *Ward,* 256 Mich. 499; *Van Blaircum* v. *Campbell,* 256 Mich. 527; *Bobich* v. *Rogers,* 258 Mich. 343; *Finkler* v. *Zimmer,* 258 Mich. 336.

The conclusion thus reached renders it unnecessary to consider the question of "joint enterprise," also discussed by counsel.

The judgment is affirmed.

Clark, C. J., and McDonald, Potter, North, Fead, Wiest, and Butzel, JJ., concurred.