BEATRICE SMITH, Appellant, *v.* THERESA CLUTE, Respondent.

Argued March 10, 1938; decided April 12, 1938.

*Warren Sears* for appellant. Plaintiff paid for her transportation and was not a gratuitous guest or invitee of the defendant and never was within the provisions of the statute. (Laws of Montana, 1931, ch. 195.) The parties being engaged in a joint enterprise for their mutual benefit had the same effect. (*Higgins* v. *Mason,* 255 N. Y. 104; *Dennett* v. *Goelet,* 296 N. Y. Supp. 393; *Mahnken Co.* v. *Pelletreau,* 93 App. Div. 420; *Chooljian* v. *Nahigan,* 273 Mass. 396; *Russell* v. *Parlee,* 115 Conn. 687; *Kruy* v. *Smith,* 108 Conn. 688; *Dietz* v. *Dinkel,* 230 App. Div. 699; *Ferris* v. *Sterling,* 214 N. Y. 249; *Webb* v. *Elmira Water, Light & R. R. Co.,* 144 Misc. Rep. 506; *Mencher* v. *Goldstein,* 240 App. Div. 290; *Webber* v. *Graves,* 234 App. Div. 579; *Lyttle* v. *Monto,* 248 Mass. 340.)

*John H. Barker, James McPhillips* and *Cornelius E. Fitzgerald* for respondent. The court below correctly decided that as a matter of law the Montana statute prevents a recovery by the plaintiff on the facts of the case. (*Sapone* v. *N. Y. C. & H. R. R. R. Co.,* 130 Misc. Rep. 755; *Kiefer* v. *Grand Trunk Ry. Co.,* 12 App. Div. 28; 153 N. Y. 688; *Haus* v. *Erie R. R. Co.,* 89 Misc. Rep. 416; *Hall* v. *Hamel,* 244 Mass. 464; *Master* v. *Horowitz,*

237 App. Div. 237; 262 N. Y. 609; *Olefsky* v. *Ludwig*, 242 App. Div. 637; *Rogers* v. *Vreeland*, 60 Pac. Rep. [2d] 585; *Ashowith* v. *Massell*, 260 Mass. 202; *Chaplowe* v. *Powsner*, 119 Conn. 188; *Leete* v. *Griswold Post of American Legion*, 158 A. L. R. 919; *TeSelle* v. *Terpstra*, 38 Pac. Rep. [2d] 379; *Crawford* v. *Foster*, 110 Cal. App. 81.) The plaintiff cannot succeed on the theory of a joint venture. (*Cambridge Home Tel. Co.* v. *Harrington*, 127 Ohio St. 1; *Scherer* v. *Southern Pacific Co.*, 35 Pac. Rep. [2d] 356; *Miles* v. *Rose*, 175 S. E. Rep. 230.)

FINCH, J. This is a suit for personal injuries. The question presented for decision is whether a statute of the State of Montana, permitting a guest to sue only for gross negligence, precludes recovery here.

The plaintiff, the defendant and their two companions, all teachers at the same school, decided to take an automobile trip to California. After discussion, the route to be traversed was agreed upon, and it was also agreed that the expenses of the operation of the car, for gasoline, oil and other incidental expenses, should be borne equally by all four. Each member of the party contributed $10.50, which was used for preliminary expenses (apparently this was for payment of premium on an automobile liability insurance policy), and each contributed $50 toward a general fund from which the expenses of operation were paid. The defendant donated the use of her automobile for the trip. While traveling through the State of Montana, the defendant, in passing a car going in the opposite direction, drove off the road into a pile of sand or gravel. Plaintiff received a severe jolt, which resulted in a sacro-iliac sprain of her right hip. The trial court submitted to the jury the question whether the defendant was guilty of negligence and the jury returned a verdict in favor of the plaintiff. The Appellate Division, one justice dissenting, reversed and dismissed the complaint on the ground that the Montana guest statute was applicable; that, therefore, plaintiff could not recover unless

defendant was guilty of gross negligence or recklessness, and that as a matter of law there was no evidence of gross negligence or recklessness on the part of the defendant.

The accident occurred in Montana, and the law of that State governs the plaintiff's right of action. Montana has a guest statute, the relevant portions of which are as follows:

"An Act Releasing Owners and Operators of Motor Vehicles from Responsibility for Damages or Injuries to Gratuitous Passengers * * *.

" Section 1. The owner or operator of a motor vehicle shall not be liable for any damages or injuries to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire * * * unless damage or injury is caused directly and proximately by the grossly negligent and reckless operation by him of such motor vehicle.

" Section 2. Any person riding in a motor vehicle as a guest or by invitation and not for hire, assumes as between owner and guest the ordinary negligence of the owner or operator of such motor vehicle." (Montana, Laws of 1931, ch. 195.)

It is for this court to determine whether the plaintiff was riding " as a guest or by invitation and not for hire " within the meaning of the Montana statute, so as to bar recovery by her in the absence of gross negligence or recklessness on the part of the defendant. Apparently the courts of Montana have not passed on this question. Guest statutes, similar to that of Montana, have been enacted in many other States.

These statutes being in derogation of the common law have been strictly construed. It has been held in general that if there is mutual benefit or any benefit at all conferred upon the owner or operator of the automobile by the presence of the passenger, the latter is not regarded as a guest and may recover as in the ordinary case of negligence. Such benefit has been found where the passenger was a

servant of the owner or operator of the car (*Kruy* v. *Smith,* 108 Conn. 628; *Knutson* v. *Lurie,* 217 Iowa, 192; *Garrett* v. *Hammack,* 162 Va. 42; *Hart* v. *Hogan,* 173 Wash. 598. Cf. *Labatte* v. *Lavallee,* 258 Mass. 527); where the plaintiff was a prospective purchaser of the automobile (*Crawford* v. *Foster,* 110 Cal. App. 81; *Bookhart* v. *Greenlease-Lied Motor Co.,* 215 Iowa, 8); where the passenger was a prospective customer for products sold by the owner or operator (*Piercy* v. *Zeiss,* 8 Cal. App. [2d] 595; *Foale* v. *Linsky,* 279 Ill. App. 58. Cf. *Streeter* v. *Locke,* [Mass.] 4 N. E. Rep. [2d] 297); where the plaintiff was assisting the defendant in obtaining work for himself or another (*Cardinal* v. *Reinecke,* 280 Mich. 15. Cf. *Elkins* v. *Foster,* [Tex. Civ. App.] 101 S. W. Rep. [2d] 294); where the parties were co-employees going to work or business co-adventurers (*Bree* v. *Lamb,* 120 Conn. 1; *Chumley* v. *Anderton,* 20 Tenn. App. 621); and where the plaintiff was otherwise assisting the defendant (*Summer* v. *Edmunds,* 130 Cal. App. 770; *Poole* v. *Kelley,* 162 Va. 279. Cf. *Semons* v. *Towns,* 285 Mass. 96).

The reasoning upon which these decisions are based is well stated in *Knutson* v. *Lurie* (*supra*):

" One may be a passenger in an automobile without being a guest, a mere passenger by invitation, or a passenger for hire in the legal sense of the word. There are, in fact, a multitude of persons riding in cars daily who are not guests, passengers by mere invitation, or passengers for hire within the legal meaning of that term. A person riding in an automobile may be there because of the relationship of master and servant existing between him and the owner. In other instances, the rider in an automobile may be there (without the relationship of master and servant) for the definite and tangible benefit of the owner or operator; or such person may be in the automobile (without the relationship of master and servant) for the mutual, definite, and tangible benefit of the owner or operator on the one hand, and of himself on the other.

[Cases cited.] When the legislature of Iowa used the phrase in section 5026-bl, before quoted, to wit, ' as a guest or by invitation and not for hire,' its evident attempt was to exclude recovery by a guest or a mere invitee except for the reckless operation of the automobile. The use of the phrase ' and not for hire ' was merely to aid in the understanding of the meaning of the word ' guest ' and of the phrase ' by invitation.' By using those words and phrases, the legislature did not intend to include all persons who might from time to time ride in an automobile, as before explained. It is evident that the intent of the legislature, therefore, was to recognize nongratuitous riders in an automobile, as well as a guest and a mere invitee. Likewise, it is apparent that the legislature intended to distinguish between ' passenger for hire,' as that term is used in law, and other nongratuitous riders in an automobile. Through the legislation, a safeguard against the prevalent claims for damages by guests or mere invitees was placed around the owner and operator of the car " (pp. 195, 196).

The title of the Montana statute refers to " gratuitous passengers." There can be no doubt that the plaintiff was not a gratuitous passenger. She paid her share of the expense, and it cannot be said that she was traveling free. It is true that the language of the statute makes it applicable to one riding " as a guest or by invitation and not for hire," but clearly the phrase " and not for hire " does not stand by itself. The mere fact that the passenger has not hired the automobile does not bring her within the scope of the statute. To come within its purview she also must be riding " as a guest or by invitation." The statute applies only to gratuitous guests and invitees who are not passengers for hire. It does not, as the defendant contends, apply to every passenger who is not a passenger for hire. Such a construction would make it applicable to non-gratuitous passengers who are not passengers for hire, and this necessarily would include

employees, potential customers and the others, who have been held well nigh universally not to come within the scope of guest statutes. Not to be a guest is not *ipso facto* to be a passenger for hire. Clearly a person may be without the category of guest and yet not be within that of a passenger for hire.

The question whether sharing expenses of an automobile trip results in such benefit to the owner or operator as to take a passenger out of the purview of a guest statute, has been before the courts in a number of cases. Where there is no fixed understanding or agreement for sharing expenses, but merely a likelihood or a general statement by the passenger that he will pay his share, it is not sufficient (*Ernest* v. *Bellville*, 53 Ohio App. 110. See *Sleeper* v. *Mass. Bonding Ins. Co.*, 283 Mass. 511, explaining·*Askowith* v. *Massell*, 260 Mass. 202), and this court has so held in affirming a dismissal of a complaint where the Connecticut guest statute was involved (*Master* v. *Horowitz*, 237 App. Div. 237; affd., 262 N. Y. 609). On the other hand, where there is a definite agreement, as in the case at bar, a number of States have permitted recovery for ordinary negligence, holding the passenger who contributed toward the expenses was not a guest within the purview of the statute. (*Beer* v. *Beer*, 52 Ohio App. 276; *Kerstetter* v. *Elfman*, 327 Penn. St. 17; *Campbell* v. *Campbell*, 104 Vt. 468; *O'Brien* v. *Woldson*, 149 Wash. 192; *Lloyd* v. *Mowery*, 158 Wash. 341.) (Contra, *McCann* v. *Hoffman*, [Cal.] 70 Pac. Rep. [2d] 909; *Morgan* v. *Tourangeau*, 259 Mich. 598.) As Mr. Justice STERN of the Pennsylvania Supreme Court pointed out:

" Had plaintiffs not made their agreement to share the expenses, defendant himself would have been obliged to pay for all the gasoline and oil consumed, and since the presence of plaintiffs in the automobile did not add in any way to the cost of operation of the car, the money furnished by plaintiffs was a clear contribution, a net saving, to defendant, reducing the amount which he

would have been required to expend had he been transporting plaintiffs gratuitously. Suppose, for example, that the expenses had been calculated in advance and plaintiffs had actually paid their proportionate share to defendant before starting on the trip, stating that they were giving him the money in consideration of his transporting them to Lewes." (*Kerstetter* v. *Elfman*, 327 Penn. St. 17, at p. 20.)

In view of the above considerations we conclude that the plaintiff is entitled to a recovery upon a showing that defendant was lacking in due care.

Whether or not the plaintiff and defendant were engaged in a joint venture, we are not called on to determine. It suffices to point out that even if they were so engaged, this would not bar a recovery by one against the other for the latter's negligence. The negligence of one member of a joint venture such as that in the case at bar, might be imputed, if at all, to the others only in actions brought by or against third parties, and the rule of imputation of negligence is not applied in suits between the joint venturers themselves. (5 Amer. Jur., Automobiles, § 502; Harper on the Law of Torts, § 148; *Wilmes* v. *Fournier*, 111 Misc. Rep. 9; affd., 194 App. Div. 950. See *Ottmann* v. *Village of Rockville Centre*, 275 N. Y. 270, 274.)

The judgment of the Appellate Division should be reversed, and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur; CRANE, Ch. J., and LEHMAN, J., dissent.

Judgment accordingly.