PAYNE, ADMINISTRATRIX, *v.* FAYETTEVILLE MERCANTILE
COMPANY.

4-6314                                          150 S. W. 2d 966

Opinion delivered April 21, 1941.

*Hunter Lane, Karl Greenhaw* and *Price Dickson,*
for appellant.

*Pearson & Pearson,* for appellee.

GRIFFIN SMITH, C. J.  B. C. Payne was fatally in-
jured in October, 1937, when Carl Gray's automobile
struck a bridge abutment on Highway No. 71 near Spring-
dale, Arkansas.  Appellee is a corporation doing a whole-
sale mercantile business.  It employed Gray as a sales-
man, paying a fixed salary.  There were no commissions.
The salesman's "territory" included Bentonville, Rog-
ers, Siloam Springs, Springdale, Johnson, Fayetteville,
Fort Smith, and other towns and wayside stores en route
to the places mentioned.  Gray paid his own expenses.

For five years he had used his own car. Appellee (hereinafter sometimes referred to as the company) did not require Gray to employ any designated means of transportation. Although there is testimony on behalf of the company that Gray might have gone by train, bus, or other conveyance, it is clear that the employer knew how Gray's trips were made; that at least inferentially the automobile was indispensable to the character of services rendered, that it was an integral contributing to the contract of employment, and that without it customer contacts would have been difficult. Hence, Gray was not an independent contractor over whose movements the employer had no control.

Payne was salesman for Whittmore Bros. Shoe Polish Company. Appellant refers to him as a specialty man who called on jobbers and wholesalers to induce them to handle his employer's products; or, if such products were being handled, it was Payne's business to stimulate the business. It was customary for Payne to travel with salesmen representing jobbers and wholesalers. Approximately two weeks before Payne was injured he had been in Fayetteville and "arranged" to return. The automobile wreck occurred on Friday. During all of the week Gray and Payne had traveled together.

There is testimony by the company's manager that Payne took orders for shoe polish and forwarded them to appellee at Fayetteville, where they were filled. Witness did not know Payne was traveling with Gray. Copies of orders taken by Payne were identified as having been written in books bearing the imprint of Fayetteville Mercantile Company. Payne was "supposed" to have brought his own car to Fayetteville.

At the conclusion of appellant's testimony, appellee's motion for a directed verdict was sustained; hence, this appeal.

The issues, as stated by appellant, are (1) the master's liability under the doctrine of *respondeat superior;* (2) whether the guest statute [1] applies, and (3) whether *res ipsa loquitur* may be relied upon as having estab-

[1] Act 61, approved February 20, 1935, and act 179, approved March 21, 1935. Pope's Digest, §§ 1302, 1303, and 1304.

lished, *prima facie*, the negligence of appellee's servant, and through such servant the liability of appellee.

We are cited to *Vincennes Steel Corporation* v. *Gibson,* 194 Ark. 58, 106 S. W. 2d 173, and to *Ward* v. *George,* 195 Ark. 216, 112 S. W. 2d 30. In the latter case Blashfield's Cyclopedia of Automobile Law and Practice is quoted to the effect that one important element in determining whether a person is a guest within the meaning and limitations of such statutes is the identity of the person or persons advantaged by the carriage. The rule there announced is that if the transportation, in its direct operation, confers a benefit only on the person to whom the ride is given, and no benefits (other than such as are incidental to hospitality, companionship, etc.) accrue to the person extending the invitation, the passenger is a guest; but if the transaction tends to promote mutual interests, or if it is primarily for the attainment of some purpose of the operator of the car, the person to whom the invitation is extended is not a guest within the meaning of statutes enacted for the protection of persons operating automobiles in the circumstances contemplated. Blashfield's analysis of decisions relating to so-called guest statutes is referred to in *Ward* v. *George,* 195 Ark. 216, 112 S. W. 2d 30.

Substance of appellant's contentions is the advantage thought to have resulted to the company by reason of Payne's activities. It is conceded there were incidental pecuniary profits from the orders so procured; but, on the other hand, the only testimony clarifying the relationship is that appellant did not know Payne was accompanying Gray; that Gray paid all expenses of the several trips, and regarded Payne as his guest. Appellee's manager had seen Payne but once—about three weeks before the collision. Payne at that time stated he would return and "work the territory," and that he would take Gray with him. Gray's name and telephone number were given Payne by this witness.

In trying the case appellants were at a disadvantage in having to rely upon the testimony of appellee's mana-

ger and Gray to establish the relationship. On the other hand, there is no intimation these witnesses withheld any information or "colored" their answers.

In result the evidence is that appellee did not authorize Payne to travel in Gray's car, since the assumption was that Payne would provide transportation and that Gray would accompany Payne. Gray received no profit from the transaction and merely accommodated Payne when the latter appeared in fulfillment of his commitment to the company that the territory would be canvassed, and that he would take Gray along.

The case is unlike *Arkansas Valley Cooperative Rural Electric Company* v. *Elkins,* 200 Ark. 883, 141 S. W. 2d 538. Wilson, appellant's agent, and at the time in question engaged in the master's business, invited Elkins to ride with him in order that certain facts be ascertained from which appellant might designate a right-of-way which was being contributed by Elkins. We held that Elkins was directly assisting Wilson in discharge of the master's business and that he (Elkins) was not a guest.

Since in the instant case the undisputed testimony is that Payne was expected to furnish his own car and to take Gray with him, and in view of the fact that the arrangements were changed without appellee's knowledge, and there having been no direct advantage to Gray in having Payne with him, it must be held that Payne was a guest, as found by the trial court.

Affirmed.

HUMPHREYS and MEHAFFY, JJ., dissent.