STEPHEN WARD et al., Appellants, *v.* MYRTLE STROBEL, Respondent.

Argued November 15, 1949; decided December 29, 1949.

*Salem G. Mansour* and *Nicholas R. Critelli* for appellants. I. As a matter of law, plaintiff was not a " guest while being transported without payment therefor " within the meaning of the Indiana statute. (*Smith* v. *Clute,* 277 N. Y. 407; *Fortuna* v. *Sangster,* 269 App. Div. 1060; *Liberty Mut. Ins. Co.* v. *Stitzle,* 220 Ind. 180; *McGann Securities Co.* v. *Coen,* 114 Ind. App. 60; *Ott* v. *Perrin,* 116 Ind. App. 315; *Long* v. *Archer,* 221 Ind. 186.) II. Upon the record, there was a question of fact for the jury as to whether defendant's acts and omissions, causing plaintiff's injuries, constituted " wanton or wilful misconduct ". (*Swinney* v. *Roller,* 113 Ind. App. 637; *Bedwell* v. *De Bolt,* 221 Ind. 600; *Matter of Margulies* v. *Garwood,* 178 Misc. 970.)

*Roy P. Ohlin* and *Merrill G. Windelberg* for respondent. I. Plaintiff was a guest within the meaning of the Indiana statute and the trial court was not in error in so ruling as a matter of law. (*Liberty Mut. Ins. Co.* v. *Stitzle,* 220 Ind. 180; *Lee Bros.* v. *Jones,* 114 Ind. App. 688; *McGann Securities Co.* v. *Coen,* 114 Ind. App. 60.) II. The uncontroverted facts indicate that defendant was not chargeable with " wanton or wilful misconduct ". (*Coconower* v. *Stoddard,* 96 Ind. App. 287; *Becker* v. *Strater,* 117 Ind. App. 504; *Hoesel* v. *Cain,* 222 Ind. 330; *Bedwell* v. *De Bolt,* 221 Ind. 600.)

Conway, J. This is an action brought by one Eliza Ann Ward (hereinafter called plaintiff) for personal injuries suffered in an automobile accident in Indiana. Her husband also sues for loss of services and medical expenses.

Plaintiff is an elderly woman residing in Niagara Falls, N. Y. In 1947, she made arrangements to obtain treatment for diabetes in a clinic in South Whitley, Indiana. She was not then acquainted with the defendant, also a diabetic, but they were later brought together by defendant's mother-in-law, who was plaintiff's neighbor. As a consequence, plaintiff and defendant arranged to go together, in defendant's automobile, to the clinic where defendant would also obtain treatment. It was agreed that the cost of the gas and oil used on the trip would be paid by plaintiff. When they reached their destination in Indiana, the defendant, who had kept note of the items purchased, received payment from plaintiff covering the gas and oil used on the trip thus far and to be used on the return

journey. An overpayment was made by plaintiff which was later refunded to her.

Near Columbia City, Indiana, on the trip back to Niagara Falls, the defendant drove through a stop sign and into a road intersection without either stopping or slackening speed. As a result a collision with another automobile occurred and plaintiff was injured. Thereafter defendant pleaded guilty to a charge of reckless driving in the City Court of Columbia City, Indiana. Specifically, the charge was that she did unlawfully drive an automobile " with reckless disregard for the rights, safety and property of others " by entering an intersection without first bringing her automobile to a stop in obedience to a stop sign and by driving into another automobile lawfully proceeding along the intersecting road, which was a " preferential highway ". The Indiana statute permits a conviction for reckless driving for " driving in any other specified manner in which the driver is heedless of probable injury to the safety, the property or the rights of others." (8 Burns Indiana Stat., § 47–2001, pp. 853–854.)

At the close of the entire case, the court directed a verdict in favor of defendant as a matter of law upon the ground that the " guest " statute of Indiana, the *lex loci delicti,* precluded recovery. That statute (Indiana Motor Vehicle Law, ch. 10; 8 Burns Indiana Stat., § 47–1021) reads as follows: The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, while being transported without payment therefor, in or upon such motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wanton or wilful misconduct of such operator, owner, or person responsible for the operation of such motor vehicle."

We think that questions of fact were presented which should have been submitted to the jury. They were, first, whether plaintiff was injured " while being transported without payment therefor " (*Liberty Mut. Ins. Co.* v. *Stitzle,* 220 Ind. 180 [1942]; *Smith* v. *Clute,* 277 N. Y. 407), and second, whether, even if that question were answered in the affirmative, the injuries were " caused by the wanton or wilful misconduct " of defendant.

The judgments should be reversed and a new trial granted, with costs to appellants to abide the event.

LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE, FULD and BROMLEY, JJ., concur.

Judgments reversed, etc.