### ERNEST v BELLVILLE

Ohio Appeals, 6th Dist, Huron Co

Decided April 20, 1936

**230**

Young & Young, Norwalk, and E. M. Palmer, New London, for plaintiff in error.

G. Ray Craig, Norwalk, for defendant in error.

## OPINION

By OVERMYER, J.

The parties stood in the same relation below and will be referred to here as plaintiff and defendant.

The plaintiff brought an action against the defendant to recover damages for injuries sustained by him as a result of defendant's automobile dropping off the highway and into a ditch and overturning while plaintiff was riding therein with defendant in this county on November 7, 1934, about seven o'clock P. M. The petition, after amendment in Common Pleas Court, charged "that the defendant wantonly drove the motor vehicle he was operating off the road, down a ditch or embankment, failed to stop the same or failed to control the same," and as a result plaintiff was injured.

The answer was a general denial, except that the accident occurred, etc., and for a second defense it was averred that plaintiff "was a guest of defendant in said automobile driven by defendant and that plaintiff was then being transported in said automobile without payment therefor and solely as a guest," and that what happened was in no manner due to or caused by any misconduct of defendant.

The trial resulted in a verdict for the defendant. With the verdicts there was submitted an interrogatory by the defendant, as follows:

"Was the plaintiff at the time of the accident in question riding in defendant's automobile as a guest and being transported without payment therefor; or was he a passenger in said automobile paying for his transportation therein? Answer this question by stating whether he was a guest or a passenger."

The answer, signed by twelve jurors, was "Guest."

Judgment was later entered on this verdict and this proceeding is brought to reverse the judgment. The principal errors complained of by the plaintiff refer to the charge of the court and that the judgment is not sustained by sufficient evidence and is contrary to law.

The facts in substance, appear as follows: On the date alleged, the plaintiff and defendant, together with a Mr. King, were returning from a fishing trip near Sandusky to their homes at New London, and when about four miles south-east of Norwalk, on Route 18, they approached a curve in the road. The defendant was driving his car and the plaintiff was seated with the defendant on the front seat and the third man, King, in the rear seat. The defendant claims and no one disputes, that at the moment he was blinded by the lights of several cars coming toward him on the curve; that he thought one of such cars was trying to pass the other and for that reason he pulled over to the right side of the road to avoid the danger of a collision, slackened his speed from about 30 or 35 miles to about 15, applied his brakes, and that almost instantly his right wheels dropped down into what is described as a ditch two and one-half to three feet deep and eight or nine feet wide, with a perpendicular side next to the road, and after going along in the ditch some 25 feet tipped over, resulting in the injuries complained of by plaintiff.

Plaintiff contends:

First, that he was not a "guest" within the purview and meaning of §6308-6, GC.

Second, that the defendant, in the handling and control of his automobile on the occasion in question, was guilty of wanton misconduct.

With reference to the first contention, we find the evidence discloses that on the trip in question the plaintiff and Mr. King paid for a tank of gasoline for the defendant's car; that on some previous fishing trips the same parties had followed a similar practice, that is, one of the three furnished the car and the other two some gasoline and oil. There is no evidence to show that on this occasion or any other this was done by any agreement or previous arrangement or that there was any understanding between them in that respect. On the contrary, the plaintiff himself testified that he did not intend to pay anything to defendant for the use of the automobile, and that he did not intend to pay defendant money as fare, or to hire him, and that

there was no agreement about the matter. It appears, therefore, that whatever gas plaintiff may have paid for, it was a voluntary act on his part, without request from the defendant.

Sec 6308-6, GC, provides: "The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."

In the case of Beer v Beer, 52 Oh Ap 276 (20 Abs 53), decided 9-19-36, the Court of Appeals of Highland County defined a "guest" within the purview of §6308-6, GC. In that case a definite arrangement was made between the parties before starting on the trip, and the court held that the plaintiff there was not a guest within the meaning of the statute, but says: "The fact that a passenger pays some portion of the expenses without having a common purpose or object presents a case entirely different from the present case."

The so-called "guest statute" being of recent adoption in Ohio, not many cases have yet reached the reviewing courts of this state so that a construction and interpretation thereof might be had. Similar statutes have been construed by the higher courts of other states, and an examination of these authorities discloses that it is uniformly held that in a situation such as here presented the mere gratuitous payment by a passenger of some of the expenses of gasoline, oil, etc., does not remove such passenger from the "guest" class and thereby deprive the owner or operator of the car of the protection afforded by the statute. And in logic and reason, why should this not be so? To hold otherwise would be opening a door which the Legislature quite evidently intended to close. If the buying of gasoline or oil or the payment of the cost for fixing a tire, or a similar act of courtesy, without any agreement or obligation so to do, would automatically remove such passenger from the "guest" class, then would not payment for washing the car or for the driver's lunch or hotel bill or garage storage or any other incidental expense, equally remove him and thus deprive the owner or driver of the protection of the statute?

The following authorities support our view that the plaintiff here was a "guest": Askowith v Massell, 260 Mass., ▮▮▮▮▮▮ ▮ 202, 156 NE, 875; Chaplowe v Powsner, 119 Conn., 188, 175 A., 470; Olefsky v Ludwig, 272 N. Y. S., 158; Baker v Hurwitch, 265 Mass., 360, 164 NE, 87; Morgan v Tourangeau, 259 Mich., 598, 244 NW, 173.

The plaintiff's status on the occasion in question being that of a guest, he can not recover unless the defendant was guilty of wilful or wanton misconduct in the operation of his car.

We have read the record carefully in search of evidence of wanton misconduct as alleged on the part of the defendant and do not find such evidence. We have had in mind in making such examination the decisions of the Ohio Supreme Court as to the definition of "wanton misconduct," and as to what facts in given cases have been held to be and not to be such misconduct. The most recent pronouncement of the Supreme Court on that subject, and which has been cited here, is Universal Concrete Pipe Co. v Bassett, 130 Oh St, 567, 200 NE, 843. In that case the defendant parked a flat platform truck on the traveled portion of a street in the outskirts of a city, on a dark, foggy and misty night, allegedly without rear lights, while the driver went into a store across the street to inquire the way, and the plaintiff drove into it from the rear. Whether the truck had lights on the rear was a disputed question of fact. The plaintiff and his wife testified there were no rear lights, and the driver testified that the last time he looked at his rear lights was at Milan, Ohio, some fourteen miles away, and that they were burning, but that he did not look at them before going across the street. The jury, under proper instructions, found for the plaintiff, thus resolving the question of lights against the defendant. In denying recovery and entering final judgment for the defendant, the Supreme Court held the plaintiff barred because he violated the "assured clear distance ahead" statute, and held defendant's conduct not to constitute wanton misconduct.

In McCoy, Admr. v Faulkenberg, 53 Oh Ap 98 (20 Abs 385), decided by the Hamilton Appeals Oct. 28, 1935, it is held that the violation of a law is not necessarily wilful or wanton misconduct within the meaning of §6308-6, GC. In that case the defendant had been drinking "highballs" and drove his guest passengers along the highway at 45 miles per hour, cut in and out of traffic, over the protests of plaintiff's wife, and

finally landed against a pole and fatally injured plaintiff's wife, and the court held that the evidence "tends to show negligence and over-confidence, but not wilful or wanton misconduct."

In the case at bar we do not have a single aggravating fact, nothing but careless driving or bad judgment. As ▮▮▮▮▮▮▮ the law on wanton misconduct stands in Ohio today, the facts in the case at bar do not meet the requirements.

Concluding, as we do, that the plaintiff was a guest within the meaning of the statute, and finding no evidence of wanton misconduct, as alleged, it becomes unimportant to discuss the claimed errors in the charge to the jury.

Judgment affirmed.

LLOYD and CARPENTER, JJ, concur.