CLOSE, A MINOR, APPELLANT, *v.* WAGNER, APPELLEE.

(Decided October 17, 1938.)

*Messrs. Young & Young,* for appellant.
*Mr. G. Ray Craig,* for appellee.

CARPENTER, J. A general demurrer to plaintiff's petition was sustained in the trial court and, not desiring to plead further, judgment was entered against him. From this judgment he appealed on questions of law.

The only parts of the petition material to this question are as follows:

"Plaintiff says that he is a minor nineteen years of age and brings this action through his mother and next friend, Clara Close, and for his cause of action. says that on the evening of April 28, 1936, at about 8:15 o'clock p. m., in the night season he was operating his automobile in an easterly direction on East Main street in the city of Bellevue, Huron county, Ohio, when the motor vehicle which he was driving collided with a motor vehicle belonging to the defendant, Mildred Wagner; that said collision was solely and proximately caused by the wanton acts of the defendant in the following respects, to wit:

"First: For that the defendant, Mildred Wagner, parked her automobile on said street without lights in the night season, well knowing that to do so was dangerous to the life, limb and property of persons lawfully in the use of said highway.

"Second: For that the defendant obstructed the free passage of the highway with her automobile and failed to warn traffic by any means of the presence of said motor vehicle, well knowing that to do so created a hidden deadly peril to persons lawfully using said highway.

"Third: For that the defendant well knowing that her automobile constituted a menace to persons lawfully using said highway, failed to remove the same."

The plaintiff recognizes that under the rule announced in *Kormos* v. *Cleveland Retail Credit Men's*

*Co.,* 131 Ohio St., 471, 3 N. E. (2d), 427, his own contributory negligence in not being able to stop "within the assured clear distance ahead" bars his recovery unless the alleged acts of the defendant can be construed as wanton.

No facts are alleged to indicate that the parking of the automobile was "a hidden deadly peril," except that it was unlighted and "obstructed the free passage of the highway." The parking of any automobile on a street obstructs that part of the street which it occupies. From all this we must infer that the parking of this automobile and the situation it presented were no different from the parking of any automobile without lights on a city street at night.

Reduced to simple language, the charge against the defendant is that, after dark, she knowingly parked her automobile on a city street without lights on it. The question is: Does this constitute wantonness?

The allegation of scienter and the characterization by the pleader of the act of the defendant in parking her automobile without lights on a city street as "wanton" do not make it so, unless such act is in fact wanton. Paragraph one of the syllabus of *Universal Concrete Pipe Co.* v. *Bassett,* 130 Ohio St., 567, 200 N. E., 843; *Ernest* v. *Bellville,* 53 Ohio App., 110, 4 N. E. (2d), 286; *Levine* v. *McFarlin,* 53 Ohio App., 304, 4 N. E. (2d), 927.

What was the state of Mildred Wagner's mind when she parked her automobile and failed to leave lights on it? Did such act manifest "a disposition to perversity"? (*Universal Concrete Pipe Co.* v. *Bassett, supra.*) She knew it was a "substantial, discernible object" (*Kormos* v. *Cleveland Retail Credit Men's Co., supra*) and that it was not a "hidden peril" except as the absence of light may have made it "hidden." She also knew that the law required drivers of other vehicles on the street to carry lights which would illuminate her automobile and warn them of its pres-

ence, in fact she knew such drivers were, by the law, bound to see it. While such condition was negligence, yes—negligence *per se,* and conduct which the courts condemn, this court cannot say that in her mind there was "a disposition to perversity" or that there was "an entire absence of care for the safety of others". (*Higbee Co.* v. *Jackson,* 101 Ohio St., 75; 128 N. E., 61, 14 A. L. R., 131) or of "any care" (*Reserve Trucking Co.* v. *Fairchild,* 128 Ohio St., 519, 191 N. E., 745). The sustaining of the demurrer to the petition was not error and the judgment below is affirmed.

*Judgment affirmed.*

Lloyd and Overmyer, JJ., concur.