**DOUGHERTY, Admr. v HALL**

Ohio Appeals, 9th Dist.,

Summit Co.

No. 3393. Decided Oct. 16, 1941.

Smoyer, Kennedy, Smoyer & Vogel, Akron, for appellee.

Slabaugh, Seiberling, Huber & Guinther, Akron, for appellant.

## OPINION

By STEVENS, J.

The action filed in the Court of Common Pleas was for the recovery of damages because of the alleged wrongful death of the decedent, John B. Ferguson.

The evidence discloses that for several years prior to January 5, 1940, the defendant had been transporting the decedent from his home to his place of employment at the Goodyear Tire & Rubber Company in Akron, Ohio, and from his place of employment to his home, in an automoble owned and operated by the defendant, Hall, under a verbal arrangement whereby Ferguson paid to Hall 75c a week as his share of the cost of gasoline, oil and parking, incidental to the operation of said automobile.

On January 6, 1940, as the result of an alleged negligent collision in which Hall's car was involved. Ferguson, who was riding in said automobile, sustained a fractured leg, jaw, and nose, and certain abrasions and contusions. Ferguson was immediately taken to a hospital, where he was attended by Dr. Sharp. In the procedure for the reduction of the fractures sustained by him, Dr. Sharp ordered the administration of ether as an anaesthetic, and, while Ferguson was under the influence of said anaesthetic, he died on the operating table. A post-mortem examination disclosed that Ferguson had an unsuspected persistent thymus gland, and the evidence showed that the presence of such gland in an adult frequently results in death under ether anaesthesia. No attempt was made by the plaintiff to prove willful and wanton misconduct of defendant, reliance being placed upon his claim that decedent was not a guest in said automobile, and that hence the defendant was liable for the consequences of simple negligence, with which he was charged.

The case was presented to a jury, which at the conclusion of the trial returned a verdict in favor of the plaintiff, upon which judgment was entered.

Appellant assigns three errors:

1. Error in overruling defendant's motions for judgment in his favor made at different stages of the trial and after verdict, and in refusing to grant a new trial.

2. Improper admission of evidence offered by plaintiff.

3. Error in the refusal of the court to give certain requested written instructions before argument, and in the general charge of the court.

The first assignment of error deals with the motions of the defendant for a directed verdict in his favor made at the conclusion of plantiff's evidence and at the conclusion of all of the evidence, it being the claim of the appellant that Ferguson was, as a matter of law, a guest riding in the automobile of Hall, and, as such, came within the provisions of the Ohio guest statute, §6308-6 GC. That statute provides as follows:

"The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said mo-

tor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."

The Supreme Court of Ohio in the case of **Dorn, Admr., v Village of North Olmsted, et al., 133 Oh St 375,** has defined a "guest" as follows:

"4. Within the meaning of **Section 6308-6 GC,** a guest is one who is invited, either directly or by implicaton, to enjoy the hospitality of the driver of a motor vehicle, who accepts such hospitality and takes a ride either for his own pleasure or on his business without making any return to or conferring any benefit upon the driver of the motor vehicle other than the mere pleasure of his company."

Our attention has been called by counsel for the appellant to the cases of **Iles v Lamphere, 60 Oh Ap 4; Snyder v Milligan, 52 Oh Ap 185; Casper v Higgins, 54 Oh Ap 21; Ernest v Bellville, 53 Oh Ap 110; and Voelkl v Latin, Admr., 58 Oh Ap 245.**

In the first two cases there appears to have been no benefit, pecuniary or otherwise, conferred upon the driver by the passenger. The third case was in part decided upon the conclusion that "2. The fact that the student contributed a few dollars to a fund out of which the instructor received a portion of his compensation, is too remote a consideration to form a basis for a claim that the student was a passenger for hire."

The fourth and fifth cases involved gratuitous payments made by the passenger to the driver, and also showed the absence of any contractual relationship between the driver and the passenger.

The evidence in the instant case shows a contract of long standing between Hall and Ferguson, whereby Ferguson was to pay 75c a week for his transportation to and from work.

In determining whether or not Ferguson was a guest, two questions must be answered: 1. Had Ferguson made any return to or conferred any benefit upon Hall other than the mere pleasure of his company, or had he agreed so to do? 2. Was any purpose of Ferguson's being served at the time of the accident?

The mere statement of the first question, under the provisions of the statute and under the definition of the term "guest" as announced by the Supreme Court in the Dorn case, supra, indicates that Ferguson could not thereunder be held to be a guest, because he was not being transported in the defendant's motor vehicle, without payment therefor, but on the contrary he was making a return to or conferring a benefit upon the driver of the motor vehicle by the payment of what the parties had agreed was a sufficient compensation for his transportation. In connection with the second question above posed, counsel for defendant (appellant) contend there must have been a common purpose between Ferguson and Hall in order to remove Ferguson from the guest class.

If the law be that there must exist a common purpose between the driver and the occupant of the automobile in order that the occupant be removed from the operation of the guest statute, which we query, it is clear in this case that Ferguson and Hall did have a common purpose at the time of the

accident; for Hall and Ferguson were at the time of the accident going to their ·respective homes, and, because Hall was transporting Ferguson to his home at the time of the accident in return for the compensation received by him, there is no question in the minds of the members of this court that Ferguson could not be, as a matter of law, properly classed as a "guest" within the meaning of the guest statute, supra.

It is further urged by counsel for the appellant that, even assuming for the purpose of argument that in the usual trips to and from the Goodyear Tire & Rubber Co., Ferguson was a passenger for hire, yet, on the trip to the Jones farm in Tallmadge, there was such a departure from the usual course of travel followed by Hall in transporting Ferguson to and from his work that, in the absence of a showing of compensation paid by Ferguson to Hall for that particular trip, Ferguson should have been found to be a guest. It is argued that the trip to Tallmadge was made solely to serve a purpose of Hall, as was also the trip to the Legion Home in Cuyahoga Falls, and, the evidence failing to show any compensation paid by Ferguson to Hall for those trips, there was no evidentiary basis for the answers by the jury to interrogatories III and IV as follows:

"III. At the time of the accident, on January 6, 1940, and while the return trip was being made from the Jones. farm, was Hall transporting Ferguson as a passenger, and receiving consideration or payment therefor?

"(A.) Yes."

"IV. If you answer 'Yes' to Question III, then state what consideration, or payment, was received by Hall from Ferguson for transporting him as a passenger on the return trip from the Jones farm.

"(A.) We conclude payment must have been on the same basis as was previously made between Mr. Hall and Mr. Ferguson."

Perhaps had Ferguson's injuries been sustained while the trips to Tallmadge, and to the Legion Home in Cuyahoga Falls, were being made, a more difficult question would have been presented. However, Hall's own testimony shows that, when he left the Legion Home in Cuyahoga Falls, he was taking Ferguson home, and it was on that trip that the injuries of Ferguson were sustained. In the presence of such evidence, the question of departure from the usual course of travel in going from the Goodyear Tire & Rubber Co. becomes inconsequential, and the conclusions of the jury as indicated by its answers to interrogatories III and IV, supra, appear to have been warranted by the evidence; at least we are unable to say that the findings are manifestly against the weight of the evidence.

Counsel for appellant next assert that the trial court erred in refusing to give the defendant's special request to charge number IX, which dealt with the subject of "common purpose." That request to charge was as follows:

"I say to you further that as to the particular trip made on the afternoon of January 6, 1940, to the Jones farm, Ferguson was a guest in Hall's automobile, and the plaintiff cannot recover in this case unless such trip to the Jones farm was made for a purpose or object which both Hall and Ferguson had in common, and not even in such case, unless some arrangement or agreement had been

made whereby Ferguson was to furnish gasoline or oil for the trip to the Jones farm and the return therefrom."

No court in Ohio, so far as we have been able to discover, has definitely decided that the element of common purpose is a necessary prerequisite to finding a passenger not to be a guest. Many situations may be conceived where such a requirement could not possibly pertain. However, the evidence contained in this record, and specifically the testimony of the defendant, Hall, shows that, after completion of the trip to the Jones farm in Tallmadge and to the Legion Home in Cuyahoga Falls, he, Hall, was thereafter on his way to Ferguson's home, in the act of taking Ferguson to his home; and the jury specifically found that Hall was taking Ferguson to his home at the time of the collision, under the contractual arrangement which was clearly one for hire. The trial court, in its general charge, did require plaintiff to prove, by a preponderance of the evidence, that "said car was then being operated for the joint business of Hall and Ferguson." The request to charge, as couched, did not state ▬▬▬▬ an accurate proposition of law, and was properly refused by the trial court.

The next error assigned deals with the question of the admissibility of the testimony of Dr. Sharp, the family physician of the decedent, in the presence of an objection to its admission, predicated upon the provisions of §11494 GC. That section provides:

"The following persons shall not testify in certain respects:

"* * * a physician, concerning a communication made to him by his patient in that relation, or his advice to his patient. But the * * * physician may testify by express consent of the * * * patient; and if the * * * patient voluntarily testifies, the * * * physician may be compelled to testify on the same subject * * *."

The testimony of Dr. Sharp admitted over the objection of the defendant related to decedent Ferguson's condition after the accident, the nature and extent of his injuries, and the cause of his death. The trial court admitted the evidence in reliance upon the pronouncement of the Supreme Court of Ohio in the case of **Industrial Commission v Warnke, 131 Oh St 140.** The decision in that case seems to be diametrically opposed to a former decision of the Supreme Court of Ohio in the case of **Swetland v Miles, 101 Oh St 501,** but it does not expressly overrule said Miles case.

We are aware of the fact that there is little unanimity between the various Courts of Appeals of this state as to the import of the decision in the Warnke case, supra. Some courts hold that decision to be limited to Industrial Commission cases, and susceptible of no further extension; others hold the rule there announced to be applicable to all cases where the character and reputation of the deceased will not be damaged by the admission of the physician's evidence.

In the absence of such latter showing, we see no reason for refusal to apply the rule, but in this case we deem it unnecessary to decide what was intended by the Supreme Court when it announced its conclusion in the Warnke case, because the evidence of Dr. Sharp was merely cumulative of the evidence given by the county coroner,

Dr. Amos, and there was no evidence to the contrary; hence, the admission of Dr. Sharp's testimony, if erroneous, was not prejudicial error such as would warrant a reversal of the judgment.

The appellant next urges that the trial court erred in its refusal to give defendant's request to charge No. III, as follows:

"If you find from the evidence that the injuries which were occasioned to Ferguson at the time of the collision here in question would probably not have resulted in his death, in the absence of the enlarged thymus gland which was found in his body, and if you find that the presence of the enlarged thymus gland could not have been reasonably anticipated or foreseen by the defendant, Hall, then I say to you that no verdict can be returned against Hall for causing the death of Ferguson."

We are of the opinion that the trial court properly refused to give the requested charge, because of the foreseeability of the enlarged thymus gland in Ferguson's body was not the question to be considered, but rather the question: Was the ultimate result of defendant's negligence—namely, the death of Ferguson—such a consequence as might reasonably have been foreseen under the circumstances shown by the evidence?

The necessity of giving an anaesthetic in treatment of the injuries received in the collision, might reasonably have been anticipated, and the ensuing death from the giving of the anaesthetic was foreseeable.

In the form requested, the charge did not state an accurate proposition of law.

It is further the claim of the appellant that "the facts in the case require the conclusion that the death of Ferguson was not a proximate result of the wrongful act," this by reason of the interposition of an unknown and unsuspected persistent thymus in the chain of events.

For a cause to be an efficient intervening cause, it must be one, not brought into operation by the original wrongful act, but operating entirely independent thereof; it must be such a cause as would have produced the result, without the co-operation of the original wrong.

By the intervention of such a cause, the chain of causation from the original wrong is broken; but "whoever does a wrongful act is answerable for all the consequences that may ensue, in the ordinary course of events, though such consequences are immediately and directly brought about by an intervening cause, if such intervening cause was set in motion by the original wrongful act, or was, in reality, only a condition on or through which the negligent act operated to produce the injurious result. The intervention of a responsible human agency between a wrongful act and the injury does not absolve the defendant from liability, if his negligence and the intervening agency co-operated in causing the injury."

29 O. Jur., Negligence, §78; citing Mouse v Central S. & T. Co., 120 Oh St 599, Neff Lumber Co. v First Nat'l. Bank, 122 Oh St 302.

Under the evidence contained in this record, whether or not the persistent thymus was an efficient intervening cause was not properly a question determinable as a matter of law, but one which,

under proper instructions, was submissible to the jury.

"4. Where intervening efficient cause is relied on, it is ordinarily question for jury whether it was intervening efficient cause such as would prevent negligence charged from being proximate cause."

Motz v City of Akron, et al., 22 Oh Ap 98.

The trial court properly charged upon the subject of proximate cause, and we are not disposed to conclude that the finding of the jury that defendant's negligence proximately caused the death of Ferguson is manifestly against the weight of the evidence.

Finding no error prejudicial to the substantial rights of the appellant, the judgment is affirmed.

WASHBURN, J., concurs.
DOYLE, PJ., dissents.