SPRENGER, APPELLEE, *v.* BRAKER, APPELLANT.

(No. 476—Decided October 12, 1942.)

*Messrs. Young & Young,* for appellee.
*Mr. Earl S. Miller,* for appellant.

LLOYD, J.   This is an appeal on questions of law by William Braker from a verdict and judgment of $5,000 returned and entered in favor of the appellee, Raymond W. Sprenger.

The facts are not materially in dispute.   Sprenger and the appellant, William Braker, were members of the Norwalk Aerie of Eagles, some of whom were contemplating and planning a visitation to the Elyria

Aerie on the evening of October 24, 1940. It was announced by the presiding officer at a lodge meeting that transportation would be provided for those desiring to go. For some time theretofore it had been the custom of the lodge to allow any member who used his automobile in the transportation of any of the members attending a visitation such as that planned on this occasion, five cents per mile. The appellant had at previous times used his automobile for this purpose. In his automobile, on the Elyria trip were, including himself, seven of the Norwalk members, three in the front seat and four, one of whom was Sprenger, in the rear. The pavement was dry and the weather clear during the time necessary to proceed to Elyria, but when they left Elyria some time after midnight for the return trip, it was raining and the pavement was wet and slippery. In the road between the two cities were some curves but when travelling along a straightaway part thereof, paved with macadam, and when the speed of the automobile ranged from 45 to 50 miles an hour, the automobile owned and operated by Braker suddenly skidded to the side of the road and into the ditch alongside it, resulting in injuries to Sprenger. The evidence is that Sprenger and Braker had no talk or arrangement as to any compensation to be paid by Sprenger for his carriage to Elyria. There is no evidence of any obstruction on or ruts in the road or that the automobile came in contact with anything to cause it to skid. The headlights cast light on the road for a distance of 175 to 200 feet ahead, and all of the witnesses say that Braker was looking ahead and so far as they observed did nothing unusual in his management of the automobile, and none of them had an opinion as to what caused it to skid. Later, on October 29th, at the next meeting of the lodge, Braker pre-

sented a bill of $3 for the "trip to Elyria," which was approved and paid.

Sprenger in his petition charges, in effect, that Braker was negligent in that under the existing facts and circumstances he was operating his automobile at an excessive rate of speed and in that regard failed to exercise ordinary care.

The appellant assigns as prejudicial error, which he contends requires a reversal of the judgment of the Court of Common Pleas, its refusal to direct a verdict for appellant; its giving to the jury before argument two special requested instructions of the appellee and in refusing to give one offered by appellant; the instruction in the general charge that Sprenger was not a guest but was a passenger in appellant's automobile, and that the verdict is manifestly against the weight of the evidence.

That Sprenger was a passenger and not a guest was the ground of the motion for a directed verdict, so what may be said relating thereto is equally applicable to the given request before argument of appellee on the same subject.

The factual relation between appellant and appellee not being in dispute, the issue arising therefrom became a matter of law and the trial judge did not err in so considering it. Under these facts, was Sprenger a guest within the meaning of Section 6308-6, General Code, or was he a passenger, to whom Braker owed the duty only, of exercising ordinary care in the operation of his automobile? Braker conveyed his co-members to the Elyria meeting on the assumption and expectation that he would be paid therefor by the Norwalk lodge, upon which assumption and expectation he relied and which was satisfied by the approval and payment of his bill thereafter presented to the lodge. Thereby he was to be and was paid for the transportation services rendered by him, and no logical dis-

tinction can be made between payment by the passenger and payment made by some one else in his behalf. Sprenger was a passenger and not a guest within the statutory definition, and the trial judge did not err in so instructing the jury in the special request of appellee to that effect and in his general charge to the jury.

For the same reason, the trial judge rightly refused to give to the jury before argument a requested written instruction of appellant submitting to the jury the question of whether Sprenger was a guest or a passenger.

. The other requested instruction of appellee, to which appellant objected, reads as follows:

"Ladies and gentlemen of the jury: You are instructed that when the defendant's automobile is shown to be under his management and the accident is such as in the ordinary course of things does not happen if the one having the management uses ordinary care, it affords reasonable evidence in the absence of explanation by the defendant that the accident arose from the want of ordinary care."

The instant case is not one of a collision with an external object but one where Braker had the sole management and control of the automobile at the time in question, without any external interference of any kind, and this instruction as applied to the facts and circumstances in evidence was appropriate and the giving of it to the jury was not error. *Glowacki, a Minor,* v. *North Western Ohio Ry. & Power Co.,* 116 Ohio St., 451, 157 N. E., 21, 53 A. L. R., 1486.

Finally, this court concludes that it can not say that the judgment is manifestly against the weight of the evidence.

*Judgment affirmed.*

OVERMYER and CARPENTER, JJ., concur.