MAYNARD, APPELLANT, *v.* B. F. GOODRICH CO., APPELLEE.

(No. 3547—Decided April 6, 1943.)

*Messrs. Harrison & Marshman* and *Messrs. Werner & Lengyel,* for appellant.

*Messrs. Wise, Roetzel & Maxon,* for appellee.

WASHBURN, J. This controversy involves the right. to compensation under the workmen's compensation law for the death of an employee.

At the conclusion of the introduction of plaintiff's. evidence in the trial court, the defendant made a mo- tion for a directed verdict in its favor. In passing- upon that motion, the court found that "the evidence in this case is insufficient to produce a *prima facie* case and establish a question for the jury"; that "there is. a failure of proof on the question of accidental in- jury"; and that "there is a failure of proof to show a direct causal connection between the injury and the death"; whereupon the court arrested the case from. the jury and rendered judgment for the defendant.

As to the question of an accidental injury:

It should be kept in mind that this case was disposed of after the plaintiff had introduced such evidence taken before the commission as she desired to intro- duce; and in considering the aforementioned motion, the court was certainly bound to treat as true the un-

contradicted evidence introduced, and to construe the same most favorably to the plaintiff.

The Legislature amended the workmen's compensation law on July 10, 1937, by providing, in Section 1465-68, General Code, that "The term 'injury' * * * shall include any injury received in the course of, and arising out of, the injured employee's employment." We think it is fair to say that, since said amendment, when something unforeseen, unexpected and unusual occurs, which produces the injury or from which the injury directly results, it is accidental in character and result; or, to state the proposition in another way, when, in the course of and arising out of an employment, there is a sudden, unusual and unexpected happening, which directly causes or proximately results in physical hurt and damage to the employee, such employee suffers a compensable injury under the workmen's compensation law. *Malone* v. *Industrial Commission,* 140 Ohio St., 292, 43 N. E. (2d), 266.

From our consideration of the evidence in the record in this case (not including some items of evidence which we think the trial court erroneously excluded, which will be referred to later), we are of the opinion that it is fully established that the employee in this case suffered a compensable injury under the interpretation of the law above indicated, and that the trial judge was in error in finding to the contrary.

As to whether or not there was sufficient evidence to require the submission of the case to the jury on the question of whether the death was proximately caused by such injury, there is a class of cases which establish the rule that, where harm or damage to the physical structure of the body occurs and afterwards the injured party contracts a disease or infection which is entirely disassociated from the injury as to origin, and death follows, no compensation is allowed, although

the lowered resistance to such disease caused by said injury affected the progress of the disease. The instant case does not fall within that class.

There is another class of cases in which the injured party contracts a disease which naturally results from the character of the injury he suffered, or where an infection enters the body at the place on the body where the injury occurred, and could enter only by reason of such injury; and in either case it is held, where death follows, that the death may be properly said to have been caused by the injury, and that the death is compensable.

In the instant case, insofar as concerns the right of the trial judge to determine the question of proximate cause as a matter of law, it is established that the injury caused a deep hematoma. If the skin had been broken and a germ had entered the body at such place, which, through successive stages of development in the body, finally caused the death, then it would be reasonable to conclude (if there was no efficient intervening cause) that the injury was the proximate cause of the death. What did happen in the instant case, according to the evidence, was that the injury caused a condition in the body in which the germs already in the body multiplied and manifested themselves as a definite disease, which, by progressive development, caused the death. If that multiplication naturally resulted from said condition, then the germs in the body were not an efficient intervening cause; that is to say, they were not such a cause as would have produced the multiplication without the presence of such condition. *Dougherty, Admr.,* v. *Hall,* 70 Ohio App., 163, at 172, 45 N. E. (2d), 608.

While the injury did not provide the means by which the germs entered the body, the jury might find that, by providing an ideal culture medium for their devel-

opment, the injury proximately contributed to cause the disease, and thus directly caused or directly contributed to the death.

On the evidence before the court, it was error to determine, as a matter of law, the question of whether the injury caused or contributed to the death. That was a question for the jury to determine.

The items of evidence which have been called to our attention and which we think were erroneously excluded, were the first proffered answer on page 47 of the record, and the proffered answers on page 75 of the record.

As to the first-mentioned item, the witness observed that something happened to the decedent when the decedent attempted to lift the heavy weight; that immediately afterwards he had the appearance and actions of having hurt his back; and that then, when it came time to remove the next heavy weight, the decedent, in connection with and in explanation of his request that the tackle be used, said that he had hurt his back; and it was said under circumstances negativing the inference that it was self-serving. The evidence conclusively establishes that within a few hours thereafter his back was in a seriously injured condition, and there was uncontradicted evidence, a reasonable interpretation of which is that before said happening the decedent was strong and healthy and had no back ailment. There is nothing in the evidence to indicate that before said happening there was anything the matter with decedent's back or that the decedent received an injury at any other time or place, and some evidence was offered for the purpose of negativing such a possibility, as shown by the proffered answers on page 75 of the record. These proffered answers were excluded by the trial court, whereas they should have been admitted.

For error in rendering judgment for the defendant at the close of plaintiff's evidence, the judgment is reversed and the cause is remanded.

*Judgment reversed and cause remanded.*

STEVENS, P. J., and DOYLE, J., concur.