### PHEIFFER v. PENNSYLVANIA R. CO. et al.

No. 11166.

United States Court of Appeals Sixth Circuit.

Jan. 31, 1951.

Britton D. Young, Norwalk, Ohio (Young & Young, Norwalk, Ohio, of counsel), for appellant.

Robert B. Gosline, Toledo, Ohio, and G. Ray Craig, Norwalk, Ohio (Shumaker, Loop, Kendrick & Winn, Toledo, Ohio, of counsel), for appellees.

Before HICKS, Chief Judge, ALLEN and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

The issue presented is whether, as was held by the district court, the averments of the amended petition or complaint of the appellant administratrix bring her decedent, killed in an automobile accident, within the definition of a "guest" under a correct interpretation of the so-called "guest statute" of Ohio, General Code, section 6308–6.

Appellant's action for damages for death by wrongful act, brought in behalf of herself, as widow, and her infant twin daughters, was filed against the Pennsylvania Railroad Company and the administrator of William Myers, deceased, as joint defendants.

■ The petition, or complaint, alleged that the death of her intestate was directly and proximately caused by the joint and concurrent negligence of the railroad company and the appellee's decedent, William Myers. The railroad company's negligence was specified in detail in several separate paragraphs. The complaint charged that William Myers, in whose truck appellant's intestate was riding when killed, failed to keep a lookout, failed to keep his automobile under control, and undertook to cross a railroad grade-crossing when he saw or in the exercise of ordinary care should have seen the approaching train with which the truck collided. It will be observed that only failure to exercise ordinary care was averred against Myers. No wilful or wanton misconduct on his part in operating the motor vehicle was charged. If appellant's intestate was a guest of Myers at the time of the accident, there would be no liability placed by the Ohio statute upon the estate of the latter, unless the death of appellant's decedent was caused by the wilful or wanton misconduct of Myers in operating the motor vehicle.

The applicable Ohio law reads as follows: "[GUEST STATUTE] Sec. 6308–6. [Liability of owners and operators of motor vehicles to guests; exception.] The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."

The appellant administratrix averred in her amended complaint that "her decedent and one Clemons Smith were neighboring farmers and as such exchanged work as is the custom existing, that on November 23, 1948, her decedent was thus exchanging work and was helping the said Clemons Smith preparatory to tiling; that *the said Clemons Smith had employed the said William Myers and his truck* to drive to the tile yard at St. Stephens, Ohio, and *to convey with him the plaintiff's decedent who in pursuance of said agreement for the exchange of work would and did assist in the loading and unloading of the tile required by the said Clemons Smith;"* [italics supplied] and that while her decedent was riding in the truck so operated he was instantly killed in consequence of a collision between a passenger train operated by the appellee railroad company and the truck of William Myers.

The district court sustained a motion of the appellee administrator of William Myers, deceased, to dismiss upon the ground that the amended petition failed to state a cause of action against his intestate. No opinion, but only a bare order of dismissal with prejudice, was filed by the district judge upon the stated authority of the Ohio Code Section quoted above and of Dorn v. Village of North Olmsted, 133 Ohio St. 375, 14 N.E.2d 11, 14.

■ In our judgment, the dismissal of appellant's cause of action was erroneous, because it is not in conformity with correct interpretation either of the Ohio statute or of the sole opinion of the Supreme Court of Ohio cited by the district court. We

think, moreover, that the dismissal was not in consonance with the law of Ohio as we have derived it from other opinions promulgated by the courts of that state.

In Dorn v. Olmsted, supra, the Supreme Court of Ohio asserted that the guest statute is in derogation of the common law and, therefore, must be strictly construed; and that the statute was intended to prevent a person "getting a free ride from suing his benefactor," unless the latter was guilty of wilful or wanton misconduct. It was held that a person invited by the driver of a motor vehicle to ride with him to locate a certain residence was not a guest within the purview of section 6308–6, Ohio General Code. The opinion quoted with approval the following paragraph from a California decision: "A guest is one who is invited, either directly or by implication, to enjoy the hospitality of the driver of a car, who accepts such hospitality and takes a ride either for his own pleasure or on his business without making any return to or conferring any benefit upon the driver of the car other than the mere pleasure of his company."

■■ On a motion to dismiss, the averments of the complaint together with all reasonable inferences therefrom must be accepted as true; and all legitimate intendments of the pleader in narrating alleged facts must be resolved in favor of the pleading attacked. The complaint declares that *a neighboring farmer* who was exchanging work with appellant's intestate *had employed William Myers* to drive his truck to a tile yard and *to convey with him appellant's decedent who,* in pursuance of his agreement with the neighboring farmer, *assisted in the loading and unloading of the tile required by him.* We think this statement in the complaint carries the clear implication that Myers was to be paid for transporting appellant's decedent in his automobile truck. It would be splitting hairs to construe the employment of Myers by the neighboring farmer not to be employment for compensation. The fair intendment of the pleading is, in our view, that appellant's intestate was not a guest of Myers when riding in the truck in which he was killed but was a passenger for hire,

the cost of his transportation to be paid by a third person. Myers was under the legal duty to exercise ordinary and reasonable care for the safety of his passenger, which the complaint charges he failed to do. It follows that appellant's action should not have been dismissed.

Ohio authorities, other than the Dorn case, supra, will be briefly reviewed. In Sprenger v. Braker, 71 Ohio App. 349, 49 N.E.2d 958, it was held in interpreting the Ohio Guest Statute that there is no logical distinction between payment by the passenger and *payment by someone else* in his behalf; and that members of a lodge conveyed by a co-member by automobile to a lodge meeting on the assumption and expectation by him that the lodge would pay him for the transportation, which expectation was realized, were passengers and not guests of the driver. In Bailey v. Neale, 63 Ohio App. 62, 25 N.E.2d 310, it was held that a person invited by the driver of a motor vehicle to make a trip with him to assist in a business transaction without promise, expectation, or receipt of pay, is not a guest within the purview of section 6308–6, and is owed the duty of having ordinary care exercised by the driver in the operation of the motor vehicle even though the person transported may receive an indirect benefit from the arrangement. If payment for transportation is agreed upon the rider in the automobile of another is, of course, a passenger and not a guest. Dougherty, Adm'r v. Hall, 70 Ohio App. 163, 45 N.E.2d 608.

■ The Pennsylvania Railroad Company, through its attorneys, made the main argument for appellees and filed a brief in behalf of the judgment below. It insists that because appellant's intestate was riding in Myer's truck "on his own business" any benefit conferred by loading tile is, under the law of Ohio, insufficient to remove him from the category of a guest; and, further, that the amended complaint does not properly allege payment for the transportation of appellant's intestate and, "even if considered as payment by third person", it is insufficient to remove appellant's decedent from the category of a guest. The argument is unsound and the authorities cited

do not lend it reasonable support. Hasbrook v. Wingate, 152 Ohio St. 50, 87 N.E. 2d 87, 10 A.L.R.2d 1342, holds that the test whether a passenger status existed at the time of an accident resulting in an injury to one riding in the automobile of another is the existence of the right of the motorist host to recover in an action at law the reasonable or agreed value of the transportation furnished. Here, the allegation of the complaint is that the neighboring farmer "employed" Myers to transport in his automobile appellant's decedent. If so, Myers could have recovered by judgment against the neighboring farmer the reasonable value of the transportation of appellant's decedent. In the absence of agreement upon a specific sum, recovery would be allowed upon a *quantum meruit* basis. In the course of its opinion, 152 Ohio St. at page 57, 87 N.E.2d at page 91, the Supreme Court of Ohio explained that "where the rider accompanies the driver at the instance of the latter for the purpose of having the rider render a benefit or service to the driver on a trip which is primarily for the attainment of some objective of the driver, the rider is a passenger and not a guest." Here, the allegation of the complaint is that appellant's intestate assisted Myers in loading and unloading tile.

Miller v. Fairley, 141 Ohio St. 327, 48 N. E.2d 217, 218, cited by the railroad company, does not support its position. There, the State Supreme Court again pointed out that section 6308–6 of the General Code of Ohio, being in derogation of the common law, must be strictly construed, and held that "if any payment which may be considered as payment for transportation is accepted" by the operator of a motor vehicle, the guest statute does not apply and he is not protected by limitation upon the relief to be granted persons injured while riding with him. On the facts presented in that case, persons being transported between their homes and their places of employment were declared to be entitled to judgment for injuries arising out of the negligence of the operator of the automobile transporting them.

While in Duncan v. Hutchinson, 139 Ohio St. 185, 39 N.E.2d 140, 142, the injured party was held to be a guest and denied recovery on facts wholly dissimilar to those alleged here, the opinion of the Ohio Supreme Court (page 189) declared that it is not necessary that payment be made in money to constitute an individual transported a passenger and not a guest. It was pointed out by the court that payment for transportation may be made in numerous ways: among others, "when the automobile host has a financial or business interest in the time or service of the passenger and the purpose of the transportation is to take the passenger to or from his place of employment"; when a substantial or tangible benefit is conferred upon the automobile host in lieu of and for the transportation; or "when the compensation is paid by a third person".

Decisions under the Ohio Workmen's Compensation Act, Gen.Code, § 1465–37, et seq., cited by attorneys for the railroad company to the effect that a custom to exchange work existing among farmers does not constitute employment, are deemed wholly irrelevant and will not be discussed.

The following Ohio cases in which persons injured while riding in the automobile of another were held to be guests are not in point for the reason that they differ in essential circumstances from the facts alleged in the complaint in the instant case: Iles v. Lamphere, 60 Ohio App. 4, 18 N.E. 2d 989 (voluntary Ladies Aid workers riding together); Pantall v. Shriver-Allison Co., 61 Ohio App. 119, 22 N.E.2d 497, (involving driver of his own car in a funeral procession); Ernest v. Bellville, 53 Ohio App. 110, 4 N.E.2d 286 (companions on a fishing trip riding together).

The judgment of the district court dismissing appellant's petition or complaint is reversed, and the cause is remanded for trial upon its merits.